**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AUG 1 7 2011**

**GREGORY C. LANGHAM**
**CLERK**

Civil Action No. 11-cv-01771-BNB

ERNIE CALBART, SR.,

      Plaintiff,

v.

DENVER DOWNTOWN DETENTION CENTER,
MEDICAL DIRECTOR DR. CRUM, and
DENVER HEALTH CARE,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Ernie Calbart, Sr., is a detainee at the Denver Van Cise-Simonet

Detention Center in Denver, Colorado.  Mr. Calbart initiated this action by filing a

Prisoner Complaint on July 6, 2011 asserting a cause of action pursuant to 42 U.S.C.

§ 1983 for an alleged violation of his constitutional rights, and a claim under Title II of

the Americans with Disabilities Act, 42 U.S.C. § 12132 (2010).  Mr. Calbart has been

granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Calbart is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has

reviewed the Complaint and has determined that it is deficient.  Mr. Calbart therefore

will be directed to file an amended complaint for the reasons discussed below.

Mr. Calbart alleges in his Complaint that he is disabled in both of his knees and

that orthopedic surgeons at Denver Health recommended that he receive knee replacement surgery. He asserts that Defendant Dr. Crum, the medical director at the detention center, acted with deliberate indifference to his serious medical needs when he refused to approve the recommended knee replacement surgery, in violation of the Eighth Amendment. Mr. Calbart further asserts that Defendant Denver Health Care, identified in the body of the Complaint as Denver Health and Hospital Authority, is liable under the ADA because it approved Dr. Crum's denial of the recommended surgery. Mr. Calbart requests compensatory and punitive damages from the Defendants.

Mr. Calbart may not sue the Denver Downtown Detention Center because the detention center is not an entity separate from the City and County of Denver, and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). In addition, a municipality such as the City and County of Denver is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To hold a municipality or County liable for his injuries under 42 U.S.C. § 1983, Mr. Calbart must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma*

---

[1]The Court notes that Defendant Dr. Crum may not be an employee of the City and County of Denver. Medical services are provided to inmates detained at facilities operated by the Denver Sheriff Department by employees of the Denver Health and Hospital Authority ("DHHA"), an independently operated political subdivision of the State of Colorado. *See* COLO. REV. STAT. § 25-29-103(a) (2010); *Ulibarri v. City & County of Denver*, 742 F. Supp. 2d 1192, 1198 (D. Colo. 2010).

*County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr.
Calbart cannot state a claim for relief under § 1983 merely by pointing to isolated
incidents.  *See Monell*, 436 U.S. at 694.

Furthermore, Mr. Calbart cannot maintain an ADA claim against Defendant
Denver Health Care (Denver Health Hospital Authority) or the City and County of
Denver because he complains only about the quality and extent of medical services he
received from Dr. Crum.  *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144
(10th Cir. 2005) ("the term *otherwise qualified* cannot ordinarily be applied in the
comparatively fluid context of medical treatment decisions without distorting its plain
meaning") (internal quotation marks omitted); *see also Rashad v. Doughty*, 4 F. App'x.
558, 560 (10th Cir. 2001) (recognizing that "the failure to provide medical treatment to a
disabled prisoner, while perhaps raising Eighth Amendment concerns in certain
circumstances, does not constitute an ADA violation"); *Moore v. Prison Health Servs.,
Inc.*, 1999 WL 1079848, at *1 (10th Cir. Dec. 1, 1999) (unpublished table opinion)
(holding that the ADA affords "disabled persons legal rights regarding access to
programs and activities enjoyed by all, not a general federal cause of action for
challenging the medical treatment of their underlying disabilities").   Accordingly, it is

ORDERED that Plaintiff, Ernie Calbart, Sr., file **within thirty (30) days from the
date of this order,** an amended complaint that complies with the directives in this
order.  It is

FURTHER ORDERED that Mr. Calbart shall obtain the court-approved Prisoner
Complaint form (with the assistance of his case manager or the facility's legal assistant),

3

along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Calbart fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiff's claims against Defendants Denver Downtown Detention Center and Denver Health Care for the reasons discussed in this Order.

DATED at Denver, Colorado, this 17th day of August, 2011.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01771-BNB

Ernie Calbart
Prisoner No.  0000242440
Denver Van Cise-Simonet Detention Center
490 W. Colfax Ave.
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on August 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk